**BRYAN CAVE LEIGHTON PAISNER LLP**
Colin D. Dailey (SBN 293942)
colin.dailey@bclplaw.com
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2128
Facsimile: (310) 576-2200

Daniel A. Crowe (*pro hac vice application to be submitted*)
dan.crowe@bclplaw.com
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone: (314) 259-2619
Facsimile: (314) 259-2020

Attorneys for Plaintiff Puff Corp.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Puff Corp., a Delaware corporation, | Case No. _____ |
| Plaintiff, | **PUFF CORP.'S COMPLAINT** |
| vs. | **Jury Trial Demanded** |
| SHO Products, LLC, a New York limited liability company; and MasterMinded, Inc., a California Corporation, | |
| Defendants. | |

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

Plaintiff Puff Corp. ("Puffco" or "Plaintiff") alleges for its Complaint against Defendants SHO Products, LLC ("SHO Products") and MasterMinded, Inc. ("MasterMinded") (collectively, "Defendants") as follows:

### NATURE OF THE CASE

1.    Defendants have engaged in deliberate, willful, and ongoing infringement of Puffco's well-established patent rights in, to, and under U.S. Patent No. 10,517,334, titled "Portable Electronic Vaporizing Device" (the "'334 Patent"), by marketing, selling, offering for sale, and/or importing into the United States the infringing Carta device, as described below.

### PARTIES

2.    Plaintiff Puffco is a Delaware corporation with its principal place of business at 1201 West 5th Street, Suite 800, Los Angeles, CA 90017.

3.    Upon information and belief, Defendant SHO Products is a New York limited liability company with its principal place of business at 1602 Lockness Place, Torrance, California 90501.

4.    Upon information and belief, Defendant MasterMinded is a California corporation with its principal place of business at 1417 W Pico Blvd, Los Angeles, California 90015.

5.    Upon information and belief, SHO Products manages, operates, and/or controls MasterMinded, and the SHO Products Chief Executive Officer ("CEO") and Chief Financial Officer ("CFO") also act or acted as the CEO and CFO of MasterMinded during the relevant time period.

### JURISDICTION AND VENUE

6.    The Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338 because these claims arise under the patent laws of the United States, as enacted under Title 35 of the United States Code.

7.    The Court has personal jurisdiction over Defendant SHO Products because its principal place of business is located in this District, it committed acts of

infringement in this District, and it marketed and sold the infringing products to consumers in this District.

8.     The Court has personal jurisdiction over Defendant MasterMinded because its principal place of business is located in this District, it committed acts of infringement in this District, and it marketed and sold the infringing products to consumers in this District.

9.     Venue is proper in this district under 28 U.S.C. 1400(b) because Defendants reside in this District, and/or because Defendants committed acts of infringement in this District and have a regular and established place of business in this District.

## BACKGROUND

## I.     PUFFCO BACKGROUND

10.     Puffco is a leading developer and provider of consumption platforms for concentrates and portable vaporizing devices.  Puffco has won numerous awards from well-known organizations and conferences in the vaporizing industry, including High Times (1st place for best vaporizer, 2015, and multiple Cannabis Cup awards in 2016 and 2017), Hempcon (best vaporizer 2016), and Spannabis (best vaporizer, silver, 2017), for the outstanding innovation and quality of its product design.

11.     In 2018, the Puffco product development team developed a new and innovative portable vaporizing device that would ultimately be marketed as the Puffco Peak®.  An example of the Puffco Peak® is shown below (https://www.puffco.com/products/the-peak).

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386



12.    In 2020, Puffco began marketing and selling the Puffco Peak Pro device.  An example of the Puffco Peak Pro is shown below.



BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

13. Generally speaking, the Puffco Peak® and Puffco Peak Pro vaporizing devices include an atomizer, a base and a mouthpiece, with the atomizer and mouthpiece being removably attachable to the base.  A vaporizable product loaded into the atomizer is at least partially vaporized by heating of the vaporizable product in the atomizer.  The vaporized product travels from the atomizer to the mouthpiece through a conduit housed in the base, and the vaporized product exits the mouthpiece for inhalation by a user of the product.  The removability of the mouthpiece and atomizer with respect to the base, in addition to other aspects of the device, provide for an improved user experience over previous vaporizing devices.

14. Following its introduction into the marketplace in 2018, the Puffco Peak ® immediately generated interest and acclaim.  Unsolicited media coverage has referred to the Peak product as "the world's most coveted cannabis accessory."  *See* https://www.leafly.com/news/industry/how-the-puffco-peak-squashes-bugs-haters.  Forbes.com has lauded the Puffco Peak® as "Handheld Exuberance."  *See* https://www.forbes.com/sites/warrenbobrow/2019/02/20/the-puffco-peak-smart-rig-handheld-exuberance/#41bb142234c5.  High Times proclaimed that with the Puffco Peak® "the future of dabbing has arrived."  *See* https://hightimes.com/products/review-puffco-peak-promises-great-dabs-modern-package/.  The Puffco Peak® quickly went on to become a market leader for its category of vaporizing device, and a top seller for Puffco.

15. The Puffco Peak Pro similarly received immediate interest and acclaim.  Unsolicited media coverage has referred to the Puffco Peak Pro device as "the most futuristic dabbing device yet" and "a cannabis delivery system for the 23rd century."  *See* https://mashable.com/article/puffco-peak-pro-review/; *see also* https://www.laweekly.com/first-look-puffco-talks-new-peak-pro/ ("The world's most famous electronic dab rig is back for round two."); https://time.com/6114276/best-tech-gifts-holidays-2021/ ("Puffco's Peak Pro electronic vaporizer is the BMW of bongs").

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

16.     As the popularity of the Puffco Peak® and Puffco Peak Pro increased, so did attempts to copy and imitate the underlying invention.   As one industry article described it:

> Like most industries, true innovation in the device arena occurs rarely, creating a domino effect of knockoffs in varying degrees of quality. The Peak is the perfect example of a lightning rod invention that changed the world of concentrates, and launched a thousand look-alikes in the process.

*See* https://weedmaps.com/news/2021/07/behind-the-quest-for-the-perfect-dab/.

## II.   **PUFFCO'S '334 PATENT**

17.     Puffco has carefully protected its inventions and cutting-edge technologies with a range of intellectual property rights, including by pursuing design and utility patent protection.

18.     On December 31, 2019, the U.S. Patent and Trademark Office ("the Patent Office") issued the '334 Patent to Puffco to cover its groundbreaking vaporizing device technology.  A true and correct copy of the '334 Patent is attached hereto as Exhibit A.

19.     The Patent Office carefully examined the '334 Patent, and in doing so, the Patent Office found that the inventions described and claimed in the '334 Patent are both new and not obvious in light of prior patents, publications, and other art, and determined that the claimed systems and methods are inventive and patentable.

20.     The claims of the '334 Patent are generally directed to a portable vaporizing device with an atomizer and mouthpiece that are each independently removably attachable to the base.  For example, claim 1 of the '334 Patent recites:

> A portable electronic vaporizing device comprising:
>
> a base having a gas flow path conduit therein and a housing for one or more components for electrically connecting to a power source and/or controlling the device, the gas flow path conduit comprising a conduit inlet and a conduit outlet;

a mouthpiece that is removably attachable to the base, the mouthpiece comprising:

a mouthpiece housing comprising one or more mouthpiece walls at least partly defining a mouthpiece internal flow path through the mouthpiece housing;

an inhalation outlet formed in a region of the one or more mouthpiece walls; and

at least one mouthpiece inlet capable of being placed in communication with the conduit outlet of the base upon attachment of the mouthpiece to the base, to receive a flow of gas into the mouthpiece from the base; and

an atomizer that is removably attachable to the base, the atomizer comprising:

an atomizer inlet configured to receive a flow of gas into the atomizer;

an atomizer housing comprising one or more atomizer housing walls that at least partially define an atomizer internal flow path therein;

a container within the atomizer housing that is capable of holding a vaporizable product,

a heating element capable of heating the vaporizable product held in the container, the heating element being configured to be electrically connected to the one or more components for electrically connecting to the power source and/or controlling the device that are housed in the base;

a first container inlet capable of introducing gas into the container to entrain vaporizable product;

one or more second container outlets capable of flowing the gas having the vaporizable product entrained therein into atomizer internal flow path; and

one or more atomizer outlets capable of receiving the flow of gas from the atomizer internal flow path, and providing the flow of gas to the conduit inlet of the base,

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

wherein the flow of gas having the vaporizable product entrained therein flows from the atomizer internal flow path and through the gas flow conduit inlet of the base to the mouthpiece inlet, and along the mouthpiece internal flow path to the inhalation outlet.

21.     The '334 Patent relates back to a provisional patent application filed on January 14, 2019, as well as a Patent Cooperation Treaty (PCT) application also filed on January 14, 2019.

22.     Both the Puffco Peak® and Puffco Peak Pro vaporizing devices practice the invention claimed in the '334 Patent.

23.     On November 23, 2021, following entry of summary judgment in Puffco's favor on the issue of infringement, the United States District Court for the Central District of California, Case No. CV 20-358, the Honorable George H. Wu presiding, entered a Final Consent Judgment and Entry of Permanent Injunction ("Consent Judgment") decreeing, among other things, that claims of the '334 Patent are valid and enforceable and that a different third-party's vaporizing device infringes the '334 Patent.  The Consent Judgment also included a permanent injunction prohibiting the infringer and others from, among other things, making, offering to sell, or selling in the U.S., or importing into the U.S., the infringing vaporizing device.

## III.     DEFENDANTS HAD NOTICE OF THE '334 PATENT

24.     Upon information and belief, SHO Products received notice of the '334 Patent at least as early as January 3, 2020, and again on February 17, 2022, by virtue of letters from Puffco's counsel notifying SHO Products of the issuance of the '334 Patent.  The letters requested that SHO Products immediately cease all infringing activity with respect to the '334 Patent, including cessation of all sales, marketing, importation into the United States, and promotion of devices that infringe the '334 Patent, including the infringing Carta device discussed below.

25.     Upon information and belief, MasterMinded received notice of the '334 Patent at least as early as January 3, 2020, and again on February 17, 2022, by virtue

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

of letters from Puffco's counsel notifying SHO Products of the issuance of the '334 Patent.  The letters requested that MasterMinded immediately cease all infringing activity with respect to the '334 Patent, including cessation of all sales, marketing, importation into the United States, and promotion of devices that infringe the '334 Patent, including the infringing Carta device discussed below.

## IV.   DEFENDANTS' MARKETING AND SALE OF THE INFRINGING DEVICE

26.   Upon information and belief, SHO Products describes itself as involved in the "distribution and marketing of premium products in the growing head shop, smoke shop, dispensary channels" with "a growing distribution footprint of over 5,000 smoke shops and dispensaries throughout the United States."

27.   Upon information and belief, SHO Products is also involved with operating, managing, and/or controlling several website and distribution channels, including the brand "Master Minded Distribution" and related website https://master-minded.com/, as well as the brand "Focus V" and related website https://focusv.com/, among others.

28.   One of the products that SHO Products began marketing, selling, importing, and/or distributing in the United States is the Focus V Carta Electronic Rig Kit (the "Carta 1" or "Carta OG"), as shown below:

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386



29.     Upon information and belief, SHO Products also began marketing, selling, importing, and/or distributing in the United States an updated version of the device named the Focus V Carta 2 Electronic Rig Kit (the "Carta 2"), as shown below:

10

PUFF CORP.'S COMPLAINT

The Carta 1, Carta 2, and similar devices by other names are collectively referred to herein as the "Carta."

30.     Upon information and belief, SHO Products has offered to sell or sold within the United States, or imported into the United States, the Carta device, and continues to do so.

31.     Upon information and belief, MasterMinded has offered to sell or sold within the United States, or imported into the United States, the Carta device, and continues to do so.

32.     The Carta device practices each element of one or more of claims 1-13 of the '334 Patent, as further described below.   By way of non-limiting example, a chart setting out the elements of claim 1 of the '334 Patent, and some, but not all, representative corresponding infringing elements of the Carta, is attached hereto as Exhibit B.  The chart in Exhibit B is for illustrative purposes only, and Puffco reserves the right to amend or modify the descriptions therein based on further investigation or discovery.

33.     Despite receiving Letters from Puffco notifying SHO Products and MasterMinded of the issuance of the '334 Patent, and demanding the cessation of all marketing, sales, offers to sell, and/or importation into the U.S. of the Carta device, on information and belief, SHO Products and MasterMinded continue to market, offer for sale, sell, and/or import into the United States the Carta device.

**COUNT ONE**

**PATENT INFRINGEMENT**

34.     Puffco incorporates by reference and realleges the averments set forth in the preceding paragraphs as if fully restated and incorporated herein.

35.     On December 31, 2019, the Patent Office duly and legally issued the '334 Patent.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

36.     Puffco is the owner, by assignment, of all right, title, and interest in and to the '334 Patent, including, but not limited to, the right to recover damages for past and future infringement.

37.     The infringing Carta device meets each element of one or more of claims 1-13 of the '334 Patent.   By way of non-limiting example, a chart setting out the elements of claim 1 of the '334 Patent, and some, but not all, representative corresponding infringing elements of the Carta, is attached hereto as Exhibit B.

38.     SHO Products has been, and is, directly and/or indirectly infringing, literally and/or under the doctrine of equivalents, the '334 Patent in violation of 35 U.S.C. § 271 by, among other things, selling, offering for sale, and/or importing into the United States the Carta device as described above.

39.     MasterMinded has been, and is, directly and/or indirectly infringing, literally and/or under the doctrine of equivalents, the '334 Patent in violation of 35 U.S.C. § 271 by, among other things, selling, offering for sale, and/or importing into the United States the Carta device as described above.

40.     At all relevant times, on information and belief, SHO Products' and MasterMinded's acts of infringement of the '334 Patent have been committed and are being committed willfully with full knowledge and notice of Puffco's rights in and to the '334 Patent including, but not limited to, the claims set forth therein

41.     As a direct and proximate result of SHO Products' and MasterMinded's infringement of the '334 Patent, Puffco has suffered and continues to suffer damage. Among other things, Puffco is entitled to recover as damages from SHO Products and MasterMinded, jointly and severally, Puffco's lost profits, and no less than a reasonable royalty, in an amount to be determined at trial.

42.     As a direct and proximate result of SHO Products' and MasterMinded's acts of infringement, Puffco has been irreparably harmed and will continue to be harmed unless and until the infringing acts are enjoined and restrained by order of this Court.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

## REQUEST FOR RELIEF

Wherefore, Puffco respectfully requests that this Court enter judgment and provide relief as follows:

A.      Enter a judgment that SHO Products and MasterMinded, and each of them, have infringed and are infringing one or more claims of the '334 Patent;

B.      That Puffco be awarded damages against SHO Products and MasterMinded pursuant to 35 U.S.C. § 284 that are adequate to compensate Puffco for the infringement of Puffco's '334 Patent, but in no event less than a reasonable royalty for the use made of the claimed invention together with interest and costs;

C.      Permanently enjoin, under 35 U.S.C. § 283, SHO Products and MasterMinded, and each of their officers, agents, servants, employees, attorneys, successors, and assigns and all other persons in active concert or participation with any of them from infringing the '334 Patent;

D.      Declare that SHO Products and MasterMinded's infringement was and is willful from the time they each respectively became aware of the infringing nature of the Carta product, and awarding treble damages for the period of such willful infringement of the '334 Patent, pursuant to 35 U.S.C. § 284;

E.      Declare this an exceptional case within the meaning of 35 U.S.C. § 285 and award Puffco its reasonable attorneys' fees, costs, and expenses;

F.      Order SHO Products and MasterMinded to each provide a full accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement, of the '334 Patent;

G.      Award Puffco pre-judgment and post-judgment interest on the damages awarded;

H.      Award Puffco its costs and reasonable attorneys' fees, expenses and costs, incurred in connection with this action; and

I.      Award Puffco any and all further legal and equitable relief that the Court may deem just and proper under the circumstances.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

**DEMAND FOR JURY TRIAL**

Puffco hereby demands a trial by jury of all issues so triable by a jury in this action.

Dated:  March 28, 2022            **BRYAN CAVE LEIGHTON PAISNER LLP**


By:   */s/ Colin D. Dailey*
        Colin D. Dailey

Attorneys for Plaintiff Puff Corp.

14

PUFF CORP.'S COMPLAINT