1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**

14

**CENTRAL DISTRICT OF CALIFORNIA**

15

| | |
|---|---|
| Puff Corp., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHO Products, LLC, a New York limited liability company; and MasterMinded, Inc., a California Corporation,<br><br>Defendants. | Case No. 2:22-cv-02008-GW-KS<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><u>**As Amended by the Court**</u><br><br>Magistrate Judge: Karen L. Stevenson<br><br>Action Filed:  March 29, 2022<br>Trial Date:  Not Set |
| SHO Products, LLC, a New York limited liability company; and MasterMinded, Inc., a California Corporation<br><br>Counterclaimants,<br><br>vs.<br><br>Puff Corp., a Delaware corporation,<br><br>Counterclaim-Defendant | |

16
17
18
19
20
21
22
23
24
25
26
27
28

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective order ("Stipulation") filed on November 7, 2022, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraph 3 of the Stipulation.**

**AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]**

Subject to the provisions of Rule 26 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Puff Corp. ("Puffco" or "Plaintiff") and Defendants and Counterclaimants SHO Products, LLC ("SHO Products") and MasterMinded, Inc. ("MasterMinded") (collectively, "Defendants") (collectively, the "Parties"), by and through their respective counsel of record in this Action, hereby stipulate and agree as follows:

1.   **PURPOSE, LIMITATIONS, AND GOOD CAUSE STATEMENT**

     A.   **PURPOSES AND LIMITATIONS**

Discovery in this Action is likely to involve production of the Parties' and Non-Parties' trade secrets, customer and pricing lists, and valuable product development, research, commercial, financial, and technical information that is confidential and/or proprietary, and/or private information, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

1  stipulate to and petition the Court to enter this Stipulated Protective Order. The

2  Parties acknowledge that this Order does not confer blanket protections on all

3  disclosures or responses to discovery and that the protection it affords from public

4  disclosure and use extends only to the limited information or items that are entitled

5  to confidential treatment under the applicable legal principles. The Parties further

6  acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective

7  Order does not entitle them to file confidential information under seal; Civil Local

8  Rule 79-5 sets forth the procedures that must be followed and the standards that will

9  be applied when a Party seeks permission from the court to file material under seal.

10  **B.    <u>GOOD CAUSE STATEMENT</u>**

11  This Action is likely to involve trade secrets, customer and pricing lists and

12  other valuable research, development, commercial, financial, technical and/or

13  proprietary information for which special protection from public disclosure and

14  from use for any purpose other than prosecution of this Action is warranted. Such

15  confidential and proprietary materials and information consist of, among other

16  things, confidential sales data, license agreement data, engineering and product

17  development information and specifications, confidential business or financial

18  information, information regarding confidential business practices, or other

19  confidential research, development, or commercial information (including

20  information implicating privacy rights of third parties), information otherwise

21  generally unavailable to the public, or which may be privileged or otherwise

22  protected from disclosure under state or federal statutes, court rules, case decisions,

23  or common law. Accordingly, to expedite the flow of information, to facilitate the

24  prompt resolution of disputes over confidentiality of discovery materials, to

25  adequately protect information the Parties are entitled to keep confidential, to ensure

26  that the Parties are permitted reasonable necessary uses of such material in

27  preparation for and in the conduct of trial, to address their handling at the end of the

28

litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

Additionally, the Parties are direct competitors in their industry who are involved in the ongoing improvement of existing products and development of new products.  A two-tier protective order, in which some information exchanged in discovery will not be permitted to be shared with the Parties' competitive decision-makers or those involved in product development and patent prosecution, is necessary to protect the Parties' competitive interests.

It is the intent of the Parties that information will not be designated for tactical reasons and that nothing be designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.    DEFINITIONS

2.1.    <u>Action</u>:  This pending federal lawsuit, Case No. 2:22-cv-02008-GW-KS.

2.2.    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4.    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5.    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material.

2.6.    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

STIPULATED PROTECTIVE ORDER

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7.   "HIGHLY CONFIDENTIAL" Information or Items:  material that constitutes, reflects or discloses information that has not already been made publicly known by the Producing Party and is of a proprietary business or technical nature that could be of value to a competitor or potential customer of the Party and/or cause harm to the competitive position of the Producing Party.  Examples of such information or materials include, but are not limited to, non-public financial data, marketing, technical, or business plans, documents that would reveal trade secrets or business strategy, specifications and design documents, schematics, flowcharts, object diagrams, source code, blueprints, drawings, data, information relating to future products, or confidential agreements or relationships with third parties.  Such information also includes information pertaining to customers that is not publicly available, including but not limited to private consumer information that contains identifying, contact, or private financial information.

2.8.   House Counsel: attorneys who are employees of a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9.   House Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (a) is a past or current employee of a Party; or (b) at the time of disclosure, the Expert or retaining Party or its counsel anticipate may become an employee of a Party.

2.10.   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11.   Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

4
STIPULATED PROTECTIVE ORDER

2.12.  <u>Outside Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (a) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (b) is not a past or current employee of a Party or of a Party's competitor, and (c) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.13.  <u>Party</u>: any party to this Action, including all of its officers, directors, and employees.

2.14.  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15.  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16.  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.17.  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

~~Unless the trial judge orders otherwise, this Order governs the use of Protected Material at trial.~~ **Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.**

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party expressly agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a) <u>Productions</u>.  For information produced in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that

contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  <u>Inspections</u>.  A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL or HIGHLY CONFIDENTIAL legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c) <u>Depositions</u>.  In connection with the taking of any deposition in the Action:

(1)    The Party who noticed or requested the deposition shall, prior to the commencement of testimony at such deposition, serve a copy of the Protective Order in the Action upon the officer reporting the deposition.  Such officer shall acknowledge service of a copy of the Protective Order in the Action, and shall agree that he/she, his/her employees, and his/her agents shall be bound by the terms of the Order, and shall make no use or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Disclosure or Discovery Materials unless expressly permitted by the terms of the Protective Order in the Action, or by the express consent of all Parties and any designating persons who are or may become subject to the provisions of the Protective Order in the Action.  Such officer shall provide copies

STIPULATED PROTECTIVE ORDER

of the deposition transcript or deposition exhibits only to attorneys for the Parties and, if the deposition is of a third person or entity, to that deponent or his/her attorney unless otherwise agreed by the disclosing entity.

(2)     Counsel for any Party hereto may, either during any such deposition or within thirty days of receipt of the transcript, designate any specific portion of the deposition transcript along with the deposition exhibits, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  No person shall attend those portions of the depositions designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" unless either (a) such person is an authorized recipient of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information under the terms of this Protective Order, or (b) the Party who designates such portion "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" consents in writing, which consent shall be requested sufficiently in advance to permit evaluation and discussion between that Party and its attorneys. If the deposition is of a Non-Party, that third person or entity may use the same designation process set forth in this Paragraph.

(3)     Any court reporter who transcribes "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" testimony in the Action at a deposition shall agree, before transcribing any such testimony, that all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" testimony is and shall remain as such and shall not be disclosed except as provided in this Protective Order; copies of any transcript, reporter's notes, or any other transcription records of any such testimony prepared by the court reporter, will be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, and will be retained in absolute confidentiality and safekeeping by such reporter or delivered to the attorneys of record or filed under seal with the Court.

(4)     When a Party to this Stipulated Protective Order designates the testimony (including proposed testimony) of a person being deposed as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Protected Material, and

STIPULATED PROTECTIVE ORDER

objection is made to such designation, such testimony shall not be withheld because such objection has been made to the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.  Such testimony shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material, as designated, until a stipulation or order on motion that it should not be so treated.

(d)  <u>Other Forms of Disclosure</u>.  For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If a Producing Party inadvertently fails to designate any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials, the Producing Party may thereafter make such a designation by notifying the Receiving Party in writing, and the initial failure to so mark material, by itself, shall not be deemed a waiver of its confidentiality.  Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, et seq. and the assigned Magistrate Judge's standing or case-specific orders, if any.

6.3     <u>Burden</u>.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an

improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

      7.1      <u>Basic Principles</u>. All Protected Material produced in this Action, whether by a Party or Non-Party, and whether pursuant to Federal Rule of Civil Procedure, subpoena, agreement or otherwise, and all information contained therein or derived therefrom, shall be used only for prosecuting, defending, or attempting to settle this Action, and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

      Furthermore, for a period of two years after the final disposition of this Action (as defined in Section 4), no attorney or other individual who has received or viewed information or material designated HIGHLY CONFIDENTIAL under this Order shall have any involvement in patent prosecution related to the same or substantially similar subject matter of such HIGHLY CONFIDENTIAL material.

      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. When the Action has reach final disposition as defined in Section 4, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

      7.2      <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated

"CONFIDENTIAL," and the information contained therein or derived therefrom, only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, and the staff of their respective law firms working on this case, including attorneys, clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on the Action and to whom it is reasonably necessary to disclose the information for this Action, all of whom shall be bound by this Stipulated Protective Order;

(b)  the House Counsel, House Experts, officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary to assist Outside Counsel of Record in this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Outside Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and who are retained for the purpose of assisting Outside Counsel of Record in the prosecution or defense of this Action or testifying at trial, to the extent deemed necessary in good faith by the retaining counsel to enable a consultant or expert to evaluate the proposed retention and/or provide such assistance or testimony (plus such clerical personnel of each such consultant or expert required to carry out duties assigned to them by each consultant or expert), and provided that the expert, consultant or other personnel are not competitors of, or are employed by competitors of, the Party that owns the "CONFIDENTIAL" Discovery Materials, and will not gain any competitive advantage by having access to the "CONFIDENTIAL" Discovery Materials;

(d)  the court and its personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)   The Designating Party's designated representatives for depositions or trial witnesses.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.3   Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL," and the information contained therein or derived therefrom, only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action and the staff of their respective law firms working on this case, including attorneys, clerks, employees, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on the Action and to whom it is reasonably necessary to disclose the information for this Action, all of whom shall be bound by this Stipulated Protective Order;

(b)   the House Counsel and House Experts to whom disclosure is reasonably necessary to assist Outside Counsel of Record in this Action, and who

have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and as to whom the procedures set forth in paragraph 7.5, below, have been followed;

(c)     Outside Experts (as defined in this Order), independent contractors, and/or investigators of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (3) who are retained for the purpose of assisting Outside Counsel of Record in the prosecution or defense of this Action or testifying at trial, to the extent deemed necessary in good faith by the retaining counsel to enable a consultant or expert to evaluate the proposed retention and/or provide such assistance or testimony (plus such clerical personnel of each such consultant or expert required to carry out duties assigned to them by each consultant or expert), (4) provided that the expert, consultant or other personnel are not competitors of, or are employed by competitors of, the Party that owns the "HIGHLY CONFIDENTIAL" Discovery Materials, and will not gain any competitive advantage by having access to the "HIGHLY CONFIDENTIAL" Discovery Materials, and (5) as to whom the procedures set forth in paragraph 7.5, below, have been followed;

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     The Designating Party's designated representatives for depositions or trial witnesses.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and

may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.5     Procedures for Disclosure of "HIGHLY CONFIDENTIAL" Information or Items to Outside Experts, House Experts, or House Counsel:

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Outside Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL" first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL" information that the Receiving Party seeks permission to disclose to the Outside Expert; (2) sets forth the full name of the Outside Expert and the city and state of his or her primary residence; (3) attaches a copy of the Outside Expert's current resume; (4) to the extent not shown on said current resume, identifies the Outside Expert's current employer(s) and all other employer(s) during the preceding five years; (5) if the Outside Expert has received compensation or funding for work in his or her areas of expertise or has provided professional services at any time during the preceding five years, for each such person or entity, either (a) identifies such person or entity, or (b) if the Outside Expert is bound by a written confidentiality obligation that prevents such Outside Expert from identifying  such person or entity, shall state the dates during which said Outside Expert received such compensation or provided such professional services and shall state whether such person or entity is identified on the list to be exchanged between Outside Counsel for the Parties after entry of this Order ("the 7.5(a) List"); (6) provides a list that identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Outside Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years; and (7)

attaches a copy of a declaration under penalty of perjury from the Outside Expert attesting to the accuracy of the disclosure of items (2) through (6) in this paragraph, as well as whether he or she anticipates that he or she may become an employee, or may receive compensation or funding for work in his or her areas of expertise, or may provide professional services to, a Party or a person or entity identified on the 7.5(a) List.  The parties agree that the 7.5(a) List will be treated as HIGHLY CONFIDENTIAL, but that the parties may share the 7.5(a) List with any prospective expert.

(b)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to a House Counsel or House Expert any information or item that has been designated "HIGHLY CONFIDENTIAL" first must make a written request to the Designating Party that (1) sets forth the full name of the House Counsel and the city and state of his or her residence, (2) describes the House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making, and (3) identifies with specificity, *e.g.*, by production number, the particular HIGHLY CONFIDENTIAL information or items that the Party wishes to disclose to such House Counsel or House Expert.

(c)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Outside Expert, House Expert, or House Counsel unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.  Frivolous objections, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses or burdens on other Parties) may expose the Designating Party to sanctions.

(d)     A Party that wishes to disclose Highly Confidential information or items to an Outside Expert, House Expert, or House Counsel notwithstanding a timely written objection pursuant to this Section 7.5 shall initiate the dispute resolution process under Local Rule 37-1, et seq. and the assigned Magistrate Judge's standing or case-specific orders, if any. As part of the L.R. 37-1 meet and confer process, the Parties must set forth in writing their respective positions regarding: (1) why the disclosure is reasonably necessary; (2) the alleged risk of harm advanced by the Party opposing disclosure for its refusal to approve the disclosure; and (3) proposals for any additional means that could be used to reduce, mitigate, or safeguard against that alleged risk. The burden of persuasion in any such proceeding shall be on the Party opposing disclosure; accordingly, the Party opposing disclosure shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Highly Confidential information or items to an Outside Expert, House Expert, or House Counsel. The Receiving Party shall not disclose the Highly Confidential information to an objected-to Expert or Counsel until and unless either (a) the Party opposing disclosure has waived or withdrawn its objection in writing, or (b) the Court overrides the objection.  Nothing in this section shall prevent a Party from seeking the court's ruling on an *ex parte* basis if necessitated by the case schedule or other timing concerns.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated under this Order in this Action, that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 30 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A privilege or protection is not waived by disclosure connected with the Action.  When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12.   MISCELLANEOUS

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  This Order may be modified by the Court on its own motion, upon stipulation of the Parties with a proposed order, or on the motion of any Party.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.  Nothing contained in this Order, nor any Action taken in compliance with it, shall operate as an admission by any Party that any particular document or information is, or is not, confidential; operate as an admission by any Party that any particular document is, or is not, subject to discovery or admissible in evidence at the trial of the Action; prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of

Protected Materials; or prejudice the right of any Party to assert any privilege or protection against disclosure, including a trade-secret privilege.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4   Nothing in this Order shall prevent or otherwise restrict Outside Counsel of Record from rendering advice to their client and, in the course thereof, relying generally on the examination of information or material designated HIGHLY CONFIDENTIAL; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated or specific details derived therefrom, except as allowed by Section 7 above.

12.5   Nothing in this Order shall restrict the use or disclosure by any Party of its own Protected Materials.

12.6   Non-Parties who are required to produce confidential information in response to a subpoena in this Action, and who believe in good faith that such material contains confidential information, may rely on this Order and apply it to their production.

12.7   The Counsel of Record are responsible for employing reasonable measures to control the duplication of, access to, and distribution of copies of Protected Materials.  Parties shall not duplicate any such materials except for working copies and for filing in court under seal.

12.8   If some of the same information or materials that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of this Order are found in a publicly available forum without violating the Order in the

Action, then such information or materials shall no longer be subject to the restrictions of the Order in the Action.

**13.   FINAL DISPOSITION**

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

The Parties and any other person obtaining access to Protected Materials pursuant to this Order agree that the Court shall retain jurisdiction following final disposition to enforce the terms hereof.

**14.   VIOLATIONS**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

STIPULATED PROTECTIVE ORDER

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    Dated:  November 7, 2022      **BRYAN CAVE LEIGHTON PAISNER LLP**

4

5                             By:   */s/ Colin D. Dailey*

6                                 Colin D. Dailey
                          Attorneys for Plaintiff and Counterclaim-
                          Defendant Puff Corp.

7

8    Dated:  November 7, 2022      **ZUBER LAWLER LLP**

9

10                             By:   */s/ Joshua M. Masur*

11                                   Joshua M. Masur
                          Attorneys for Defendants and Counterclaimants
                          SHO Products, LLC and MasterMinded, Inc.

12

13        Pursuant to L.R. 5-4.3.4(a)(2), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have

14 authorized the filing.

15

16 FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

17

18 DATED:  November 8, 2022

19                          Hon. Karen L. Stevenson
                         United States Magistrate Judge

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Puff Corporation v. SHO Products, LLC*, *et al.*, Case No. 2:22-cv-02008-GW-KS.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.  I hereby consent to service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order by certified mail and email, with such service of process being valid if sent to both the email address and mailing address identified below.

       Email: _____

       Mailing address: _____

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____