JAMESON J. PASEK (pro hac vice)
jameson@caldwelllaw.com
J. TANNER MURPHY (pro hac vice)
tanner@caldwelllaw.com
**CALDWELL**
200 Clarendon Street, 59th Floor
Boston, Massachusetts 02116
Telephone: (857) 990-4914

SCOTT M. MALZAHN (SBN 229204)
smalzahn@waymakerlaw.com
SAM S. MEEHAN (SBN 307934)
smeehan@waymakerlaw.com
**WAYMAKER LLP**
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile: (424) 652-7850

Attorneys for Defendants and Counterclaimants SHO Products, LLC and MasterMinded, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

PUFF CORP., a Delaware corporation,

*Puffco*,

v.

SHO PRODUCTS, LLC, a New York limited liability company and MASTERMINDED, INC., a California corporation,

*Defendants*.

AND RELATED COUNTERCLAIM

Case No. 2:22-cv-02008-GW-KS

**DEFENDANTS SHO PRODUCTS, LLC AND MASTERMINDED, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Judge: Hon. George H. Wu

Pre-Trial Conference: June 6, 2024
Trial Date: June 18, 2024

# TABLE OF CONTENTS

**Page**


**I. Summary Statement of the Claims Plaintiff has Pleaded and Plans to Pursue (L.R. 16-4.1(a)) .......... 1**

A. Damages .......... 1

B. Willful Infringement .......... 1

C. Injunctive Relief .......... 1

D. Exceptional Case .......... 2

**II. Elements Required to Establish Plaintiff's Claimed Relief (L.R. 16-4.1(b)) .......... 2**

A. Damages .......... 2

B. Willful Infringement .......... 4

C. Injunctive Relief .......... 6

D. Exceptional Case .......... 6

**III. Brief Description of Key Evidence in Opposition to Each of the Claims (L.R. 16-4.1(c)) .......... 7**

A. Damages .......... 7

B. Willful Infringement .......... 7

C. Injunctive Relief .......... 8

D. Exceptional Case .......... 9

**IV. Summary Statement of the Counterclaims and Affirmative Defenses Defendants Have Pleaded and Plan to Pursue (L.R. 16.4-1(d)) .......... 9**

A. Invalidity under 35 U.S.C. § 103 .......... 9

B. No Injunctive Relief under 35 U.S.C. § 283 .......... 9

C. Not an Exceptional Case under 35 U.S.C. § 285 .......... 9

**V. Elements Required to Establish Defendants' Counterclaims and Affirmative Defenses (L.R. 16.4-1(e)) .......... 9**

A. Invalidity under 35 U.S.C. § 103 .......... 9

B. No Injunctive Relief under 35 U.S.C. § 283 .......... 11

C. Not an Exceptional Case under 35 U.S.C. § 285 .......... 11

**VI. Brief Description of Key Evidence Relied on to Support Counterclaims and Affirmative Defenses (L.R. 16.4-1(f))........................ 11**

A. Invalidity under 35 U.S.C. § 103 ........................................................ 11

B. No Injunctive Relief under 35 U.S.C. § 283....................................... 12

C. Not an Exceptional Case under 35 U.S.C. § 285 ................................ 12

**VII. Anticipated Evidentiary Issues (L.R. 16-4.1(h))......................................... 12**

**VIII. Motion in Limine to Preclude Avi Bajpai from Testifying as an Expert at Trial Anticipated Issues of Law (L.R. 16-4.1(i)) ...................... 13**

**IX. Bifurcation of Issues (L.R. 16-4.3) .......................................................... 13**

**X. Jury Trial (L.R. 16.4.4) .............................................................................. 13**

**XI. Attorneys' Fees (L.R. 16-4.5)..................................................................... 14**

**XII. Abandonment of Issues (L.R. 16-4.6) ....................................................... 14**

# TABLE OF AUTHORITIES

## CASES

*Bayer Healthcare LLC v. Baxalta Inc.*,
989 F.3d 964 (Fed. Cir. 2021) .......... 4

*EBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006) .......... 6

*Ericsson, Inc. v. D-Link Systems, Inc.*,
773 F.3d 1201 (Fed. Cir. 2014) .......... 2

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
318 F. Supp. 1116 (S.D.N.Y. 1970) .......... 3

*Graham v. John Deere Co.*,
383 U.S. 1 (1966) .......... 9

*In re Kao*,
639 F.3d 1057 (Fed. Cir. 2011) .......... 10

*KSR Int'l Co. v. Teleflex Inc.*,
550 U.S. 398 (2007) .......... 9

*Novo Nordisk A/S v. Caraco Pharm. Labs., Ltd.*,
719 F.3d 1346 (Fed. Cir. 2013) .......... 10

*Octane Fitness, LLC v. Icon Health & Fitness, Inc.*,
134 S. Ct. 1749 (2014) .......... 6

*Ormco Corp. v. Align Tech., Inc.*,
463 F.3d 1299 (Fed. Cir. 2006) .......... 10

*Pfizer, Inc. v. Apotex, Inc.*,
480 F.3d 1348 (Fed. Cir. 2007) .......... 10

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
904 F.3d 965 (Fed. Cir. 2019) .......... 2

*Read Corp. v. Portec, Inc.*,
970 F.2d 816 (Fed. Cir. 1992) .......... 6

*ResQNet.com v. Lansa, Inc.*,
594 F.3d 860 (Fed. Cir. 2010) ........................................ 2

*SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*,
926 F.2d 1161 (Fed. Cir. 1991) ........................................ 4

*WBIP, LLC v. Kohler Co.*,
829 F.3d 1317 (Fed. Cir. 2016) ........................................ 4

*WCM Indus., Inc. v. IPS Corp.*,
721 F. App'x 959 (Fed. Cir. 2018) ........................................ 6

*Wyers v. Master Lock Co.*,
616 F.3d 1231 (Fed. Cir. 2010) ........................................ 10

**STATUTES**

35 U.S.C. § 284 ........................................ 1

35 U.S.C. § 285 ........................................ 6

35 U.S.C. § 298 ........................................ 5

Pursuant to Local Rule 16-4, Defendants SHO Products, LLC, and Masterminded, Inc. (collectively, "Defendants") respectfully submit this Memorandum of Contentions of Fact and Law, which addresses the contentions of the parties in advance of the trial scheduled to commence on June 18, 2024.

## I. Summary Statement of the Claims Plaintiff has Pleaded and Plans to Pursue (L.R. 16-4.1(a))

Puff Corp.'s ("Puffco) Complaint (Dkt. No. 1) contains a single claim against the Defendants: infringement of U.S. Patent No. 10,517,334 (the '334 Patent). This Court ruled on summary adjudication that Defendants' Carta OG, Carta 2, and OURA products infringe Claims 1-11 and 13 of the '334 Patent, which dispensed of this claim (Dkt. No. 186). Defendants understand that Puffco seeks relief in the form of:[1]

### A. Damages

- Puffco seeks a reasonable royalty pursuant to 35 U.S.C. § 284.

### B. Willful Infringement

- Puffco seeks treble damages for alleged willful infringement pursuant to 35 U.S.C. 284.

### C. Injunctive Relief

- Puffco seeks a permanent injunction pursuant to 35 U.S.C. § 283, prohibiting Defendants, and each of their officers, agents, servants, employees, attorneys, successors, and assigns and all other persons in active concert or participation with any of them from importing, offering for sale, or selling the accused devices or otherwise infringing the '334 Patent.

[1] Puffco has also represented to Defendants that it seeks the following relief: (1) an order that SHO Products and MasterMinded must each provide a full accounting of all infringing sales and revenue; (2) Pre-judgment and post-judgment interest on any damages awarded.

**D. Exceptional Case**

- Puffco seeks a declaration that this is an exceptional case pursuant to 35 U.S.C. § 285, and an award to Puffco of its reasonable attorneys' fees, costs, and expenses.

## II. Elements Required to Establish Plaintiff's Claimed Relief (L.R. 16-4.1(b))

### A. Damages

In the case that the '334 Patent is not invalidated, the Court shall award Puffco damages adequate to compensate for the infringement. 35 U.S.C. § 284. Monetary damages under 35 U.S.C. § 284 shall be no less than a reasonable royalty. To calculate a reasonable royalty, the fact finder considers "a hypothetical negotiation between the patentee and the infringer when the infringement began." *ResQNet.com v. Lansa, Inc.*, 594 F.3d 860, 868 (Fed. Cir. 2010). The royalty rate must reflect the value attributable to the infringing features of the product, and no more. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 904 F.3d 965, 977 (Fed. Cir. 2019), cert. denied, 139 S. Ct. 1265 (2019); *Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014) (stating that the value measured for damages "is only the value of the infringing features of an accused product"). When the accused infringing products have both patented and unpatented features, measuring this value requires identifying and awarding only the value of the patented features. *Power Integrations*, 904 F.3d at 977.

A non-exhaustive list of factors that may be considered when determining the proper royalty rate include:

1. The royalties received by the patentee for the licensing of the patents in suit, proving or tending to prove an established royalty.

2. The rates paid by the licensee for the use of other patents comparable to the patents in suit.

3. The nature and scope of the license, as exclusive or non-exclusive; or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold.

4. The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve the monopoly.

5. The commercial relationship between the licensor and licensee, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventor and promoter.

6. The effect of selling the patented specialty in promoting sales of other products of the licensee; that existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales.

7. The duration of the patent and the term of the license.

8. The established profitability of the product made under the patent; its commercial success; and its current popularity.

9. The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results.

10. The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention.

11. The extent to which the infringer has made use of the invention; and any evidence probative of the value of that use.

12. The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

13. The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

14. The opinion testimony of qualified experts.

15. The amount that a licensor (such as the patentee) and the licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a produce patentee who was willing to grant a license.

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

Puffco bears the burden of proving the correct amount of reasonably royalty damages by a preponderance of the evidence. *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1164 (Fed. Cir. 1991) ("the amount of a prevailing party's damages is a finding of fact on which the plaintiff bears the burden of proof by a preponderance of the evidence.").

**B. Willful Infringement**

To prove willful infringement, Puffco must show by a preponderance of evidence that Defendants:

1. had knowledge of the '334 Patent;
2. intentionally infringed the '334 Patent; and
3. conduct was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful or flagrant, or—indeed—characteristic of a pirate."

*Halo Elecs., Inc. v. Pulse Elecs., Inc.,* 136 S. Ct. 1923 (2016); 2024 AIPLA Model Patent Jury Instructions at 11.0. Knowledge of the '334 Patent is a prerequisite to a finding of willfulness. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). However, mere knowledge of the '334 Patent, without more, is not sufficient. *See Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021). The

trier of fact must consider all facts and assess Defendants knowledge at the time of the challenged conduct. Facts that may be considered include, but are not limited to:

1. Whether or not Defendants acted consistently with the standards of behavior for its industry;

2. Whether or not Defendants intentionally copied a product of Puffco that is covered by the ’334 Patent;

3. Whether or not Defendants reasonably believed it did not infringe or that the patent was invalid;

4. Whether or not Defendants made a good-faith effort to avoid infringing the ’334 Patent, for example, whether Defendants attempted to design around the ’334 Patent; and

5. Whether or not Defendants tried to cover up its infringement.

*See Pinn, Inc. v. Apple, Inc.*, No. 8:19-cv-1805, Dkt. 703-2 (C.D. Cal. Oct. 16, 2022) (Carter, J.).

Further, under 35 U.S.C. § 298, “[t]he failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to the court or jury, may not be used to prove that the accused infringer willfully infringed the patent or that the infringer intended to induce infringement of the patent.”

If Puffco proves willfulness, the Court may address the issue of enhanced damages. *See SRI Int’l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021) (“Although willfulness is a component of enhancement, an award of enhanced damages does not necessarily flow from a willfulness finding.”). Enhanced damages are not to be awarded in a typical infringement case but are instead designed as a punitive sanction for egregious infringement behavior, and there is no requirement that enhanced damages must follow a finding of egregious misconduct. Courts typically consider the following factors:

1. whether the infringer deliberately copied the ideas or design of another;
2. whether the infringer, when it knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that the patent was invalid or not infringed;
3. the infringer's behavior as a party to the litigation;
4. the infringer's size and financial condition;
5. the closeness of the case;
6. the duration of the infringer's misconduct;
7. remedial action by the infringer;
8. the infringer's motivation for harm; and
9. whether the infringer attempted to conceal its misconduct.

*Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992); *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959 (Fed. Cir. 2018).

**C. Injunctive Relief**

To prove entitlement to an injunction, Puffco must prove that:

1. it has suffered an irreparable injury;
2. remedies available at law, such as monetary damages, are inadequate to compensate for that injury;
3. considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and
4. the public interest would not be disserved by a permanent injunction.

*EBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

**D. Exceptional Case**

35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Attorney fees may be awarded

pursuant to section 285 if a party can demonstrate that the case "stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. Icon Health & Fitness, Inc*., 134 S. Ct. 1749, 1756 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

## III. Brief Description of Key Evidence in Opposition to Each of the Claims (L.R. 16-4.1(c))

### A. Damages

Puffco's damages expert failed to apportion. *See* Dkt. 186 at 10 (whereby the Court grants Defendants' motion to exclude Dr, Francom's apportionment analysis.). Puffco filed a Notice to Supplement Dr. Francom's Expert Report (Dkt. 182) which the Court has not addressed. Defendants opposed Puffco's supplemental report. *See* Dkt. 183. Accordingly, Dr. Francom may not testify as to apportionment. As referenced below, Defendants intend to file a Motion in Limine to Preclude Use of the Supplement at Trial.

### B. Willful Infringement

With respect to willful infringement, Puffco has failed to demonstrate the required conduct. Mere knowledge is not enough to establish willful infringement. Defendants were entitled to litigate this case, where they have raised meritorious defenses. Evidence to support Defendants' defense of no willful infringement includes but is not limited to the following:

- Testimony and evidence supporting the merits of Defendants' defenses in this litigation, including evidence supporting invalidity based on prior art.
- Testimony and evidence that Defendants ceased selling the Carta OG based on a strong likelihood that the product was indeed infringing the '334 Patent.

- Testimony and evidence that Defendants continued selling the Carta 2 based on the Court's original construction of the claim term "heating element"; a construction which allowed Defendants' to bring a robust defense to the Carta's 2 non-infringement of the '334 Patent.
- Any other testimony and documentary evidence that supports Defendants' position of non-willfulness.

**C. Injunctive Relief**

In support of its position that Puffco is not entitled to injunctive relief, Defendants will rely on at least the following facts and evidence:

**Element 1**: No irreparable injury to Puffco. Evidence to support Defendants' position on this element includes but is not limited to the following:

- All evidence that all the asserted claims of the asserted patents are invalid (*see supra*).
- Testimony and evidence from Puffco employees, former employees, and/or related third parties.

**Elements 2 and 3**: Remedies at law, such as monetary damages, are adequate to compensate for Puffco's alleged injury; considering the balance of hardships between the parties, a remedy in equity is warranted. Evidence to support Defendants' position on these elements includes, but is not limited to, the following:

- Testimony and evidence from Puffco employees, former employees, and/or related third parties.

**Element 4**: The public interest would be disserved by a permanent injunction. Evidence to support Defendants' position on this element includes but is not limited to the following:

- Testimony and evidence that the public interest would be disserved if Defendants were enjoined.
- Any other testimony and documentary evidence that shows Defendants should not be enjoined.

**D. Exceptional Case**

Puffco's case against Defendants is not exceptional under 35 U.S.C. § 285. As examples, for all the reasons stated above regarding the merits of Defendants' noninfringement, invalidity, and non-willfulness defenses, Puffco cannot show this to be an exceptional case.

## IV. Summary Statement of the Counterclaims and Affirmative Defenses Defendants Have Pleaded and Plan to Pursue (L.R. 16.4-1(d))

Defendants have plead and plan to pursue the following counterclaims and affirmative defenses:

**A. Invalidity under 35 U.S.C. § 103**

- Defendants pleaded as a counterclaim and as an affirmative defense that the '334 Patent is invalid pursuant to 35 U.S.C. § 103.

**B. No Injunctive Relief under 35 U.S.C. § 283**

- Defendants pleaded as an affirmative defense that, to the extent the relief it seeks is unavailable because any alleged injury to Plaintiff is not immediate or irreparable, the balance of hardships and public interest weigh against the grant of an injunction, and Plaintiff has an adequate remedy at law.

**C. Not an Exceptional Case under 35 U.S.C. § 285**

- Defendants pleaded as an affirmative defense that Puffco cannot establish that this is an exceptional case justifying the award of attorneys' fees against Defendants pursuant to 35 U.S.C. § 285.

## V. Elements Required to Establish Defendants' Counterclaims and Affirmative Defenses (L.R. 16.4-1(e))

**A. Invalidity under 35 U.S.C. § 103**

A patent claim is invalid if "the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary

skill in the art to which the claimed invention pertains." 35 U.S.C. § 103. Whether a patent claim is obvious is a question of law based on underlying factual determinations including: (1) the level of ordinary skill in the art; (2) the scope and content of the prior art; (3) the differences, if any, between the prior art and the claimed invention; and (4) secondary considerations of non-obviousness. *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966).

The Supreme Court has cautioned that, while the *Graham* factors underlie the obviousness analysis, they should not be applied rigidly. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 415-17 (2007). The obviousness analysis must take into consideration not only the training, intelligence and creativity of a skilled artisan, but also common sense, design needs, and market pressures. *Id.* at 418, 421 (explaining that "the [obviousness] analysis need not seek out precise teachings, directed to the specific subject matter of the challenged claim, for a court can take account of the inferences and creative steps that a person of ordinary skill in the art would employ" and "[a] person of ordinary skill is also a person of ordinary creativity, not an automaton.")

Once a party challenging the validity of a patent has made a prima facie case of obviousness, the burden of production shifts to the patentee to rebut that showing, typically with objective indicia, referred to as secondary considerations, of nonobviousness. *See Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1360 (Fed. Cir. 2007) ("It is true that once a challenger has presented a prima facie case of invalidity, the patentee has the burden of going forward with rebuttal evidence."); *see also Novo Nordisk A/S v. Caraco Pharm. Labs., Ltd.*, 719 F.3d 1346, 1353-54 (Fed. Cir. 2013). Secondary considerations of nonobviousness include commercial success, long felt but unsolved needs, failure of others, copying, unexpected results, industry acclaim, and skepticism of others. *See Wyers v. Master Lock Co.*, 616 F.3d 1231, 1245-46 (Fed. Cir. 2010).

To overcome a prima facie case of obviousness, the patentee must establish a nexus between the secondary considerations, such as commercial success, and the

claimed invention. *See id.*; *see also Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311-12 (Fed. Cir. 2006). There is no nexus unless the offered secondary consideration actually results from something that is both claimed and novel in the claim. *In re Kao*, 639 F.3d 1057, 1068, 1072 (Fed. Cir. 2011) (finding that the only element not expressly disclosed in the prior art was a previously unknown, yet inherent property, and concluding that evidence of secondary considerations was insufficient to overcome a strong showing of obviousness).

**B. No Injunctive Relief under 35 U.S.C. § 283**

Defendants discuss the elements required to establish this affirmative defense in section II(C).

**C. Not an Exceptional Case under 35 U.S.C. § 285**

Defendants discuss the elements required to establish this affirmative defense in section II(D).

**VI. Brief Description of Key Evidence Relied on to Support Counterclaims and Affirmative Defenses (L.R. 16.4-1(f))**

**A. Invalidity under 35 U.S.C. § 103**

Defendants will prove by clear and convincing evidence that each asserted claim of U.S. Patent No. 10,517,334 is invalid because the claimed invention is obvious in view of the prior art. In support of its obviousness argument, Defendants will rely on the following key facts and evidence:

- The ’334 Patent and its file wrapper.
- Prior art documents in the form of patents including without limitation: U.S. Patent No. 10,321,714 (“Kane I”); U.S. Patent No. 10,743,580 (“Kane II”); U.S. Patent No. 10,271,579 (“Garay”); U.S. Patent No. 4,133,318 (“Gross”).
- Prior art documents in the form of printed publications, including without limitation: U.S. Patent Publication No. 2017/0086507 (“Rado”); U.S. Patent Publication No. 20170055579 (“Kuna”) U.S. Patent

Publication No. 2017/0079324 ("Eksouzian"); the YouTube video entitled "Puffco Peak hands-on at CES 2018" available at https://www.youtube.com/watch?v=3ffpdwia_a8 (the "Engadget Video"), referenced in the pleadings at Dkt. 29, 32:25-28 and produced during discovery.

- Evidence that the Prototype was in public use—as shown in the Engadget video.
- Non-expert testimony of Avi Bajpai, Roger Volodarsky, and Roger Sayer.
- Testimony of Defendants' technical expert, Nicholas Hatton.
- Testimony of Plaintiff's technical expert, Dr. Harold Walbrink.
- All arguments regarding obviousness in Nicholas Hatton's expert report.

**B. No Injunctive Relief under 35 U.S.C. § 283**

Defendants discuss the evidence relied on to support this affirmative defense in section III(C).

**C. Not an Exceptional Case under 35 U.S.C. § 285**

Defendants discuss the evidence relied on to support this affirmative defense in section III(C).

## VII. Anticipated Evidentiary Issues (L.R. 16-4.1(h))

The parties met and conferred in an effort to resolve evidentiary issues on May 9, 2024. The parties failed to resolve certain evidentiary issues and as a result Defendants filed the following motions *in limine*:

- Motion *in Limine* to Preclude Use of Plaintiff Puff Corp.'s Supplement at Trial or Reference to Any Content Therein;
- Motion *in Limine* to Preclude Avi Bajpai's Testimony as a Bases for Apportionment.

**VIII. Motion in Limine to Preclude Avi Bajpai from Testifying as an Expert at Trial Anticipated Issues of Law (L.R. 16-4.1(i))**

Issues of law have been decided by the Court during the *Markman*, summary judgement, and *Daubert* stages. Defendants preserve their positions on all issues raised at these stages. Defendants also preserve their positions on the still-pending objection to Puffco's supplement to Dr. Francom's report. As the case proceeds, the most significant issues of law will arise in connection with motions *in limine* (discussed *supra*) and whether the '334 Patent is invalid as obviousness (which is a question of law based on underlying factual issues).

In the case that the '334 Patent is not invalidated, the issues of law for the Court include:

1. whether the threshold requirement of willful infringement has been met;
2. whether damages should be enhanced under 35 U.S.C § 284;
3. whether this is an exceptional case warranting an award of attorneys' fees under 35 U.S.C § 285; and
4. whether, in accordance with the principles of equity, Puffco demonstrates (i) that it has suffered an irreparable injury; (ii) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (iii) that the balance of hardships between Puffco and Defendants are such that a remedy in equity is warranted; and (iv) that the public interest would not be disserved by a permanent injunction. *See EBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

**IX. Bifurcation of Issues (L.R. 16-4.3)**

Defendants do not request any bifurcation of issues at trial.

**X. Jury Trial (L.R. 16.4.4)**

The parties have timely demanded a jury trial. The issue of damages should be tried before the jury. The issue of invalidity due to obviousness is a legal issue that rests on underlying factual determinations.

**XI. Attorneys' Fees (L.R. 16-4.5)**

Defendants will not put forth a claim that its attorneys' fees are recoverable under 35 U.S.C. § 284. As discussed *supra*, Defendants understand that Puffco will put forth a claim that its fees are recoverable pursuant 35 U.S.C. § 285.

**XII. Abandonment of Issues (L.R. 16-4.6)**

Defendants will only pursue the counterclaims and affirmative defenses mentioned in this memorandum of contentions of fact and law.

Dated: May 16, 2024

Respectfully submitted,

**CALDWELL INTELLECTUAL PROPERTY LAW LLC**
JAMESON J. PASEK

By: */s/ Jameson J. Pasek*
Attorneys for Defendants and Counterclaimants SHO Products, LLC and MasterMinded, Inc.

**L.R. 11-6.2. Certificate of Compliance**

The undersigned, counsel of record for Defendants SHO Products, LLC and Masterminded, Inc., certifies that this brief contains 2,874 words, which complies with the word limit of L.R. 11-6.1. In making this certification, the undersigned has relied on the word count of the word processing system used to prepare the document.

Dated: May 16, 2024

Respectfully submitted,

**CALDWELL INTELLECTUAL PROPERTY LAW LLC**
JAMESON J. PASEK

By: */s/ Jameson J. Pasek*

Attorneys for Defendants and Counterclaimants SHO Products, LLC and MasterMinded, Inc.