Colin D. Dailey (SBN 293942)
colin.dailey@bclplaw.com
Jasdeep S. Atwal (SBN 318309)
Jasdeep.atwal@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2128
Facsimile: (310) 576-2200

Daniel A. Crowe (*pro hac vice*)
dan.crowe@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone: (314) 259-2619

Attorneys for Plaintiff Puff Corp.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Puff Corp., a Delaware corporation,

Plaintiff,

vs.

SHO Products, LLC, a New York limited liability company; and MasterMinded, Inc., a California Corporation,

Defendants.

---

SHO Products, LLC, a New York limited liability company; and MasterMinded, Inc., a California Corporation,

Counterclaimants,

vs.

Puff Corp., a Delaware corporation,

Counterdefendant.

Case No. 2:22-cv-02008-GW-KS

**PUFF CORP.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW [L.R. 16-4]**

Action Filed: March 29, 2022

Final Pretrial Conference: June 6, 2024

Trial Date: June 18, 2024

# TABLE OF CONTENTS


Page

I. CASE OVERVIEW ..... 1
II. PLAINTIFF'S CLAIM FOR PATENT INFRINGEMENT [L.R. 16-4.1] ..... 3
  A. Willful Infringement ..... 3
    1. Summary of Claim ..... 3
    2. Elements Required ..... 3
    3. Summary of Key Evidence in Support of Claim ..... 4
  B. Damages ..... 5
    1. Summary of Claim ..... 5
    2. Elements Required ..... 5
      a. Patent Infringement Damages ..... 5
      b. Enhanced Damages ..... 6
      c. Attorneys' Fees (Exceptional Case) ..... 6
      d. Interest and Costs ..... 6
    3. Summary of Key Evidence in Support of Damages ..... 7
  C. Injunctive Relief ..... 8
    1. Summary of Claim ..... 8
    2. Elements Required ..... 8
    3. Summary of Key Evidence in Support of Claim ..... 8
III. DEFENDANTS' CLAIMS [L.R. 16-4.1] ..... 9
  A. Invalidity - Obviousness ..... 9
    1. Summary of Claim ..... 9
    2. Elements Required ..... 9
    3. Summary of Evidence Demonstrating that Defendants Cannot Meet Their Burden of Establishing Obviousness ..... 10
IV. PLAINTIFF'S AFFIRMATIVE DEFENSES ..... 10

V. DEFENDANTS' AFFIRMATIVE DEFENSES.......... 10
VI. ANTICIPATED EVIDENTIARY ISSUES [L.R. 16-4.1(h)].......... 11
A. Motions in Limine.......... 11
B. Objections to Exhibits.......... 11
VII. DISPUTED ISSUES OF LAW [L.R. 16-4.1(i)].......... 11
A. Permanent Injunction.......... 11
B. Jury Instructions.......... 11
VIII. BIFURCATION OF ISSUES [L.R. 16-4.3].......... 12
IX. JURY TRIAL [L.R. 16-4.4].......... 12
X. ATTORNEYS FEES [L.R. 16-4.5].......... 12
XI. ABANDONMENT OF ISSUES [L.R. 16-4.6].......... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al-Site Corp. v. VSI Int's Inc.*, 174 F.3d 1308 (Fed. Cir. 1999) ... 9

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) ... 8, 11

*Eko Brands, LLC v. Adrian Rivera Mayanez Enters., Inc.*, 946 F.3d 1367 (Fed. Cir. 2020) ... 4

*Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970), modified sub nom. *Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971) ... 6

*Glaxo Group Ltd. V. Apotex*, 376 F.3d 1339 (Fed. Cir. 2004) ... 9

*Graham v. John Deere Co.*, 383 U.S. 1 (1966) ... 9

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93, 136 S. Ct. 1923 (2016) ... 4, 6

*Kandypens, Inc. v. Puff Corp.*, Case No. 20-cv-358 ... 2

*Microsoft Corp. v. i4i Ltd.*, 131 S.Ct. 2238 (2011) ... 9

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014) ... 6

*Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992) ... 7

*Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538 (Fed. Cir. 1995) ... 6

*Shire LLC v. Amneal Pharmaceuticals, LLC*, 802 F.3d 1301 (Fed. Circ. 2015) ... 9

**Statutes**

35 U.S.C. § 103 ... 9

35 U.S.C. § 284 ... 3, 4, 6

35 U.S.C. § 285 ... 6

35 U.S.C. § 298 .......... 6

**Other Authorities**

Fed. R. Civ. P. 54(d) .......... 6
N.D. Cal. Model Jury Instruction § B.3.8 .......... 7
N.D. Cal. Model Jury Instruction § B.5.1 .......... 7
N.D. Cal. Model Jury Instruction § B.5.7 .......... 7
N.D. Cal. Model Patent Jury Instructions § B.3.8 .......... 4, 12
N.D. Cal. Model Patent Jury Instructions § B.4.1a .......... 9
N.D. Cal. Model Patent Jury Instructions § B.4.3b .......... 9

Plaintiff Puff Corporation ("Puffco") submits this Memorandum of Contentions of Law and Fact pursuant to Local Rule 16-4.

## I. CASE OVERVIEW

This is a patent infringement lawsuit between competitors in the vaporizer industry. Plaintiff Puff Corp. ("Puffco") is the owner of U.S. Patent No. 10,517,334, titled "Portable Electronic Vaporizing Device" ("the '334 Patent"), and sells vaporizers covered by the patent. Defendants SHO Products, LLC ("SHO") and its wholly-owned subsidiary, MasterMinded, Inc. (collectively, "Defendants"), are distributors and sellers of three versions of vaporizers – the Carta, the Carta 2, and the Oura – that the Court has found infringe Puffco's '334 Patent.

In 2017, Puffco's team of in-house engineers began designing a never-seen-before, portable electronic vaporizer that would replicate the experience of traditional "dabbing" without the use of a torch. The new invention would also have an atomizer and mouthpiece connected to the base at different locations allowing them to be removed from the base independently of the other. The new invention required a configuration and air flow path that did not previously exist in electronic vaporizers due to the many challenges related to heating concentrate material. The Puffco device that practices the invention is the Peak vaporizer, which Puffco began accepting orders for in February 2018, and later the Peak Pro. The novel Peak quickly gained unsolicited media coverage, created a new market, and became the undisputed market leader.

The Peak's success inspired many copycat vaporizer devices, including the three accused devices in this lawsuit. Defendants began selling the Carta vaporizer in May 2019, more than a year after Puffco launched the Peak.

On December 31, 2019, the United States Patent and Trademark Office issued the '334 Patent to Puffco. On January 3, 2020, Puffco sent Defendants a notice of infringement of the '334 Patent based on sales of the Carta and any similar devices. Defendants have admitted receiving these letters, but they did not stop infringing.

Thereafter, Puffco filed claims against another competitor, KandyPens, Inc. ("KandyPens") for infringement of the '334 Patent based on sales of the KandyPens Oura device. In August 2020, in the middle of that lawsuit, Defendants began selling the KandyPens Oura. This was despite the fact that Defendants knew that Puffco was currently then in a lawsuit with KandyPens asserting infringement of the '334 Patent based on sales of the Oura. That lawsuit ultimately resulted in this Court granting partial summary judgment in favor of Puffco that the Oura infringes, and entering the parties' Final Consent Judgment and Entry of Permanent Injunction providing that, *inter alia*: (i) the claims of the '334 Patent are valid and enforceable; and (ii) the KandyPens Oura vaporizing device infringes claims 1-11 and 13 of the '334 Patent. *See*, Dkt. 167 in *Kandypens, Inc. v. Puff Corp*., Case No. 20-cv-358.

On February 17, 2022, after Puffco prevailed in the *KandyPens* litigation, Puffco sent Defendants another notice of infringement, this time providing them with the Consent Judgment and Entry of Permanent Injunction issued in the *KandyPens* case. Defendants ignored that letter, too, including the Consent Judgment. Moreover, Defendants proceeded to launch and sell a new infringing product, the Carta 2. Puffco then filed this lawsuit.

Shortly after the February 17, 2022 notice, SHO and its founder Samuel Jurist retaliated against Puffco by creating a sham Exclusive Patent License Agreement ("EPLA") to a different patent (U.S. Patent No. 10,271,579, "the '579 Patent") as potential leverage against Puffco in the forthcoming lawsuit because SHO had no legitimate basis for believing its products did not infringe the '334 Patent. When it came to light that SHO and Jurist fabricated the EPLA, SHO and Jurist sent their business partner to the home of two key subpoenaed witnesses to discourage them from attending their depositions and testifying about the fabricated EPLA. This Court found sufficient evidence to refer the witness tampering incident to the District Attorney's Office for investigation. (Dkt. 67 in Case No. 22-cv-6709).

In this lawsuit, the Court granted partial summary judgment in favor of Puffco

that each of the three accused devices infringe claims 1-11 and 13 of the '334 Patent. (Doc. 186.) Thus, unless the jury finds the patent is invalid, Puffco is entitled to damages caused by the infringement that are no less than a reasonable royalty. 35 U.S.C. § 284 ("Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court").

The Court also granted partial summary judgment in favor of Puffco on Defendants' claims that the '334 Patent is invalid under 35 U.S.C. § 102 as anticipated by alleged public use of the claimed invention in January 2018, or as anticipated by Kane U.S. Patent No. 10,321,714. Thus, Defendants cannot pursue any anticipation defenses at trial. Their primary remaining defense, if any, is alleged obviousness under 35 U.S.C. § 103.

Puffco seeks, among other things, (1) judgment in its favor and against Defendants; (2) patent infringement damages in the form of a reasonable royalty, (3) enhanced damages due to Defendants' willful infringement and egregious conduct, (4) an award of attorneys' fees, (5) pre- and post-judgment interest and costs of suit, (6) an accounting, and (7) injunctive relief prohibiting further importation and sales of the infringing devices.

## II. PLAINTIFF'S CLAIM FOR PATENT INFRINGEMENT [L.R. 16-4.1]

### A. Willful Infringement

#### 1. Summary of Claim

Defendants have willfully infringed and continue to willfully infringe (including after the Court granted summary judgment in favor of Puffco on infringement) the '334 Patent under 35 U.S.C. § 284 since January 3, 2020 (the commencement date of infringement).

#### 2. Elements Required

Puffco must prove by a preponderance of the evidence that Defendants

engaged in deliberate or intentional infringement of Puffco's patent rights. Additional factors to be considered by the jury include whether Defendants intentionally copied Puffco's patented technology; whether Defendants knew, or should have known, that their conduct involved an unreasonable risk of infringement; and whether Defendants had a reasonable belief at the time of infringement that its products did not infringe the '334 Patent or that the '334 Patent was invalid.

Sources: *See* 35 U.S.C. § 284; N.D. Cal. Model Patent Jury Instructions – § B.3.8; *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93, 136 S. Ct. 1923 (2016) (preponderance of the evidence standard for finding willfulness); *Eko Brands, LLC v. Adrian Rivera Mayanez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) ("Under Halo, the concept of willfulness requires a jury to find no more than deliberate or intentional infringement.").

**3. Summary of Key Evidence in Support of Claim**

- Documents and testimony regarding Defendants' knowledge of the '334 Patent.
- Documents and testimony regarding Defendants' intentional and deliberate infringement. For example, Puffco expects to present evidence establishing that Defendants took no reasonable action in response to Puffco's cease and desist letter after issuance of the '334 Patent, or to the filing of this lawsuit, the Court's construction of terms, and the Court's finding of infringement.
- Documents and testimony that Defendants did not have, and never sought, permission to practice the claims of the '334 Patent.
- Documents and testimony showing that Defendants intentionally copied Puffco's patented technology in developing its Carta 2 device.
- Documents and testimony showing that Defendants hid relevant documents and evidence from Puffco and the Court during the claim construction phase.

- Documents and testimony showing Defendants should have known their conduct involved an unreasonable risk of infringement, including, for example, because Defendants were aware of the judgment in the *Kandypens* case in which the Court adjudged the Oura as an infringing device.
- Documents and testimony showing Defendants did not have a reasonable belief at the commencement of infringement, and continuing to the present, that the accused devices did not infringe the '334 Patent.
- Documents and testimony showing that Defendants engaged in additional conduct evidencing deliberate or reckless disregard of Puffco's patent rights and were malicious and consciously wrongful due to Defendants' longstanding malice toward Puffco and its founder.
- Puffco intends to present testimony from at least Roger Volodarsky (Puffco CEO), Avi Bajpai (Puffco's Chief Technology Officer), Randall Elkins, Christina Massaro, Samuel Jurist (Defendants' CEO and co-Founder), and J.R. Quion (Defendants' Head of Product Development).

**B. Damages**

**1. Summary of Claim**

Pursuant to 35 U.S.C. § 284, Puffco seeks to recover damages from Defendants adequate to compensate Puffco for Defendants' infringement, including at least a reasonable royalty. Puffco will also ask the Court to award enhanced damages for Defendants' willful infringement. Puffco further seeks pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. §§ 284 and 154(d). Pursuant to 35 U.S.C. § 285, Puffco seeks an award of reasonable attorney's fees, costs, and expenses incurred in connection with this Action because this is an exceptional case.

**2. Elements Required**

a. Patent Infringement Damages

Puffco must establish by a preponderance of the evidence the amount of

damages adequate to compensate Puffco for the infringement. In no event may the damages award be less than a reasonable royalty. The determination of a reasonable royalty is generally made by evaluating the 15 *Georgia-Pacific* factors. When the amount of damages cannot be ascertained with precision, any doubts regarding the amount must be resolved against Defendants.

b. Enhanced Damages

If the jury finds that Defendants' infringement was willful, the Court has discretion to award increased damages of up to three times the amount found or assessed. The sort of conduct warranting enhanced damages is conduct that is willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate. The Court may also use the factors elaborated in *Read Corp. v. Portec, Inc*. (including, among others, the infringer's "motivation for harm," "whether the infringer deliberately copied the ideas or design of another," and "the infringer's behavior as a party to the litigation") to decide whether to enhance damages and, if so, by how much.

c. Attorneys' Fees (Exceptional Case)

If the Court determines that this is an exceptional case, then it may award reasonable attorneys' fees to the prevailing party. This is an exceptional case due to the substantive weakness of Defendants' litigating position (considering Defendants' high burden of proof and lack of necessary evidence), the unreasonable manner in which Defendants litigated the case, and the totality of the circumstances, as discussed further in Section X below.

d. Interest and Costs

Puffco is entitled to interest and costs as fixed by the Court.

Sources: 35 U.S.C. §§ 284, 285; *Rite-Hite Corp. v. Kelley Co*., 56 F.3d 1538, 1544 (Fed. Cir. 1995); *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 136 S. Ct. 1923, 1928-29 (2016) ("The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate,

consciously wrongful, flagrant, or—indeed—characteristic of a pirate."); *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 557 (2014); 35 U.S.C. § 298; Fed. R. Civ. P. 54(d); *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), modified sub nom. *Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971); N.D. Cal. Model Jury Instruction §§ B.5.1 (Damages – Burden of Proof)), B.5.7 (Reasonable Royalty – Definition), B.3.8 (Willful Infringement); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992).

### 3. Summary of Key Evidence in Support of Damages

- Documents and testimony concerning damages adequate to compensate Puffco for Defendants' infringement, including a reasonable royalty on infringing units. For example, Puffco expects to present expert testimony from Dr. David Francom regarding damages, including the parties' starting point in a hypothetical negotiation, and how certain of the *Georgia-Pacific* factors may impact the agreed-upon royalty.
- Documents and testimony regarding Puffco's business, the significance of the Puffco Peak product to Puffco, Puffco's sales and profit information, and market conditions relevant to Puffco's damages, including competition with Defendants and the nature of Defendants' competition with Puffco using a copy of Puffco's Peak product, investment in the technology and marketing of the Peak technology, and damages to Puffco resulting from Defendants' infringement.
- Documents and testimony regarding Defendants' business, the significance of the accused devices to Defendants, and market conditions relevant to Puffco's damages, and Defendants' sales and profit information.
- Documents and testimony establishing that Puffco provided Defendants' with notice of their infringement.
- Documents and testimony demonstrating Defendants' willful infringement.

- Documents and testimony demonstrating Defendants' deliberate disregard of Puffco's intellectual property rights.
- Documents and testimony showing that Defendants engaged in additional conduct evidencing deliberate or reckless disregard of Puffco's patent rights and were malicious and consciously wrongful due to Defendants' longstanding malice toward Puffco and its founder.
- Puffco intends to call at least Dr. David Francom, Roger Volodarsky, Avi Bajpai, Joy Huffman, Sam Jurist, as well as Randall Elkins and Christina Massaro.

**C. <u>Injunctive Relief</u>**

**1. Summary of Claim**

Puffco seeks permanent injunctive relief to prevent Defendants' continued infringement of the '334 Patent.

**2. Elements Required**

Puffco must prove that: (i) it has suffered an irreparable injury, including a continuing threat of harm if Defendants' were not enjoined; (ii) remedies at law are inadequate to compensate Puffco for that threat of harm if Defendants were not enjoined; (iii) considering the balance of hardships between the parties, a remedy in equity is warranted; and (iv) the public interest would be served by a permanent injunction.

Sources: *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

**3. Summary of Key Evidence in Support of Claim**

- Evidence of competition between the parties.
- Testimony on Puffco's policy and practice not to license the '334 Patent.
- Testimony regarding the hardship on Puffco in the absence of a permanent injunction.
- Testimony regarding the lack of hardship on Defendants as a result of

the issuance of a permanent injunction.

## III. DEFENDANTS' CLAIMS [L.R. 16-4.1]

### A. Invalidity - Obviousness

#### 1. Summary of Claim

Defendants assert that the '334 Patent is invalid on the grounds of obviousness under 35 U.S.C. § 103.

#### 2. Elements Required

To establish obviousness of a claim under 35 U.S.C. § 103, Defendants must prove by clear and convincing evidence that the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains. This burden is especially difficult when, as here, Defendants attempt to rely on prior art that was before the patent examiner during prosecution.

Whether a claim of the '334 Patent would have been obvious is based upon the following factual questions: (1) the scope and content of the prior art; (2) the differences between the claims and the prior art; (3) the level of ordinary skill in the pertinent art; and (4) secondary considerations of non-obviousness, including: (a) long-felt, but unresolved need; (b) copying by others, including Kandypens and Defendants; (c) the commercial success of devices covered by the patent; and (d) industry praise.

Sources: 35 U.S.C. § 103; *Graham v. John Deere Co*., 383 U.S. 1, 17-18 (1966); N.D. Cal. Model Patent Jury Instructions, §§ B.4.1a, B.4.3b; *Microsoft Corp. v. i4i Ltd*., 131 S.Ct. 2238 (2011); *Glaxo Group Ltd. V. Apotex*, 376 F.3d 1339, 1348 (Fed. Cir. 2004) (citing *Al-Site Corp. v. VSI Int's Inc*., 174 F.3d 1308, 1323 (Fed. Cir. 1999); *Shire LLC v. Amneal Pharmaceuticals, LLC*, 802 F.3d 1301, 1307 (Fed. Circ. 2015).

**3. Summary of Evidence Demonstrating that Defendants Cannot Meet Their Burden of Establishing Obviousness**

- Documents and testimony concerning the state of the art at the time of the invention.
- Documents and testimony concerning the level of ordinary skill in the pertinent art.
- Documents and testimony showing that Defendants' claim is based on improper hindsight bias.
- Documents and testimony showing that the prior art asserted by Defendants does not render obvious the Asserted Claims.
- Documents and testimony showing that the prior art asserted by Defendants teaches away from the Asserted Claims.
- Documents and testimony showing that no motivation, suggestion or teaching existed to combine the prior art asserted by Defendants to create the invention of the Asserted Claims.
- Documents and testimony of the objective indicia of non-obviousness of the Asserted Claims, including long-felt but unresolved need, copying by Kandypens, Defendants and others, commercial success, and industry praise.
- Documents and testimony regarding Puffco's application that led to the issuance of the '334 Patent.
- Puffco's witnesses include at least Roger Volodarsky, Roger Sayre, Avi Bajpai, and Harold Walbrink.

## IV. <u>PLAINTIFF'S AFFIRMATIVE DEFENSES</u>

Puffco does not assert any affirmative defenses.

## V. <u>DEFENDANTS' AFFIRMATIVE DEFENSES</u>

Defendants only remaining affirmative defense to the Court's determination that the accused products infringe all asserted claims of the '334 Patent is that the '334 Patent is invalid on the grounds of obviousness under 35 U.S.C. § 103. See

Section III above.

## **VI. ANTICIPATED EVIDENTIARY ISSUES [L.R. 16-4.1(H)]**

### **A. Motions in Limine**

Puffco filed one motion in limine seeking to limit the testimony of one of Defendants' technical experts regarding two prior art references to the theories identified in Defendants' Invalidity Contentions.

### **B. Objections to Exhibits**

The parties' objections to exhibits will be summarized in the parties' joint exhibit list. The parties are working to resolve these disputes prior to the pretrial conference, however some of them might crystalize into disputes for discussion with the Court. Puffco reserves the right to assert other context-specific objections at trial.

## **VII. DISPUTED ISSUES OF LAW [L.R. 16-4.1(I)]**

### **A. Permanent Injunction**

As the Court has found infringement, Puffco should be entitled to a permanent injunction enjoining Defendants from making, using, selling, offering for sale, and/or importing within the United States, without authority, the infringing devices and any product that is no more colorably different from the infringing devices.

An injunction should be entered where the plaintiff demonstrates: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S, 388, 391 (2006).

### **B. Jury Instructions**

The parties may dispute certain jury instructions, as set forth in the

forthcoming joint jury instructions.

## VIII. BIFURCATION OF ISSUES [L.R. 16-4.3]

Puffco does not seek bifurcation of any issue.

## IX. JURY TRIAL [L.R. 16-4.4]

Puffco's claims and Defendants' counterclaim, including its affirmative defense, are triable to a jury as a matter of right. Both Puffco and Defendants timely demanded a trial by jury for all issues so triable. See Doc. 1 and 29.

The following issues are triable to a jury as a matter of right:

- Willful patent infringement (see N.D. Cal. Model Patent Jury Instructions, § 3.8);
- Patent infringement damages; and
- Patent invalidity under 35 U.S.C. § 103.
- The following issues are to be decided by the Court:
- Enhanced damages for willful patent infringement;
- Attorneys' fees and costs;
- Injunctive relief;
- Pre- and post-judgment interests and costs; and
- the amount of post-discovery damages to permit the Court to amend any verdict to award post-verdict damages as the Court determines is allowable under the law.

## X. ATTORNEYS FEES [L.R. 16-4.5]

Puffco's attorney's fees are recoverable pursuant to 35 U.S.C. § 285, which provides that, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Puffco believes it will be the prevailing party and contends this case is exceptional because of, for example, Defendants' continued willful infringement, and Defendants' litigation misconduct, including, among other things, its assertion that the term "heating element" should be construed as a means-plus-function claim term under 35 U.S.C. § 112(f) despite having documents and

evidence to the contrary in their possession, their continued sale of the Carta after the Court's claim construction ruling, which obviated any non-infringement argument of Defendants, Defendants refusal to stipulate to infringement of the Carta and refusal to stipulate that the Kane patent does not anticipate any of the asserted claims, which resulted in expensive and time consuming briefing and analysis by the Court in the summary judgment phase. Puffco anticipates presenting the full basis for its attorney's fees claim in a post-trial motion pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure.

## XI. ABANDONMENT OF ISSUES [L.R. 16-4.6]

Puffco is no longer pursuing its claim for infringement under the doctrine of equivalents because, as the Court already found, the three accused devices directly infringe each of the Asserted Claims.

Defendants have abandoned at least the following claims and affirmative defenses pleaded in their Answer to Complaint and Amended Counterclaims:

- Patent invalidity under 35 U.S.C. §§ 101 and 112 (First Affirmative Defense);
- Limitations on Damages (Second Affirmative Defense);
- License and Exhaustion (Third Affirmative Defense);
- Extraterritoriality (Fourth Affirmative Defense);
- Equitable Defenses (Fifth Affirmative Defense); and
- Failure to State a Claim (Eighth Affirmative Defense).

Dated: May 16, 2024 **BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Colin D. Dailey*
Colin D. Dailey
Attorneys for Plaintiff Puff Corp.