**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Puff Corp., a Delaware corporation,<br>Plaintiff,<br>vs.<br>SHO Products, LLC, a New York limited liability company; and MasterMinded, Inc., a California Corporation,<br>Defendants. | Case No. 2:22-cv-02008-GW-KS<br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER [L.R. 16-7]** |
| SHO Products, LLC, a New York limited liability company; and MasterMinded, Inc., a California Corporation,<br>Counterclaimants,<br>vs.<br>Puff Corp., a Delaware corporation,<br>Counterdefendant. | Action Filed: March 29, 2022<br>Final Pretrial Conference: June 6, 2024<br>Trial Date: June 18, 2024 |

Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16, IT IS ORDERED:

1. The parties are Plaintiff Puff Corporation ("Puffco" or "Plaintiff")) and Defendants SHO Products, LLC and MasterMinded, Inc. (collectively "SHO" or "Defendants").

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

(a) Complaint (Dkt. 1);

(b) Defendants' Answer and Amended Counterclaims (Dkt. 29); and

(c) Puffco's Amended Answer to Defendants' Amended Counterclaims (Dkt. 33).

2. Federal jurisdiction and venue are invoked upon the grounds that this is an action for patent infringement under 35 U.S.C. § 271. There is subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, and venue is appropriate under 28 U.S.C. § 1400(b). All facts required for jurisdiction and venue are admitted.

3. The trial is estimated to take six (6) full trial days.

4. The trial is to be a jury trial.

Pursuant to the Court's Standing Order Re Final Pre-Trial Conferences for Civil Jury Trials Before Judge George H. Wu ("Standing Order"), the parties will submit their joint proposed jury instructions, short statement of the case, and special verdict form on May 31, 2024.

Pursuant the Court's Standing Order, the parties shall submit at the Final Pretrial Conference ("FPTC") any questions that they want the Court to ask the jurors on voir dire.

5. Stipulations of Fact: Pursuant to the Court's Standing Order, the parties will submit stipulations of fact on May 31, 2024.

6. The following facts, though stipulated, shall be without prejudice to any evidentiary objection: n/a.

7. Claims and Defenses

A. Plaintiff Puff Corporation:

(a) Puffco plans to pursue the following claims against Defendants:

Claim 1: Defendants infringed Puffco's '334 Patent.

Puffco seeks to recover damages from Defendants adequate to compensate Puffco for Defendants' infringement, including at least a reasonable royalty.

Puffco also asserts that Defendants' infringement was willful, and Puffco seeks enhanced damages for Defendants' willful infringement.

Puffco also seeks permanent injunctive relief to prevent Defendants' continued infringement of the '334 Patent.

(b) The elements required to establish Plaintiff's claims are:

Infringement:

On April 19, 2024, the Court granted Puffco's partial motion for summary judgment and found that the Carta, Carta 2, and Oura devices sold by Defendants infringe claims 1-11 and 13 of the '334 Patent. (Dkt. 186.) Thus, unless the patent is found to be invalid, Puffco is entitled to compensatory damages in an amount no less than a reasonable royalty.

Infringement Damages:

Puffco can establish the reasonable royalty by presenting evidence related to some or all of the 15 *Georgia-Pacific* factors.

Willfulness:

Puffco can establish Defendants' infringement was willful by establishing that Defendants engaged in deliberate or intentional infringement of Puffco's patent rights. Additional factors to be considered by the jury include: whether SHO intentionally copied Puffco's patented technology in developing the infringing

products; whether SHO knew, or should have known, that its conduct involved an unreasonable risk of infringement; and whether SHO had a reasonable belief that at the time of infringement that its products did not infringe the asserted patent or that the patent was invalid.

Injunctive Relief:

Puffco can establish it is entitled to injunctive relief by establishing that: (i) it has suffered an irreparable injury, including a continuing threat of harm if Defendants are not enjoined; (ii) remedies at law are inadequate to compensate Puffco for that threat of harm if Defendants are not enjoined; (iii) considering the balance of hardships between the parties, a remedy in equity is warranted; and (iv) the public interest would be served by a permanent injunction.

Sources regarding damages: 35 U.S.C. § 284; *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

Sources regarding willfulness: 35 U.S.C. § 284; *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 136 S. Ct. 1923 (2016); 35 U.S.C. § 298; *EKO Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) ("Under *Halo*, the concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement").

Sources regarding injunctive relief: *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

(c) In brief, the key evidence Plaintiff relies on for its claim of damages, willfulness, and injunctive relief is:

Damages

- Documents and testimony concerning damages adequate to compensate Puffco for Defendants' infringement, including a reasonable royalty on infringing units. For example, Puffco expects to present expert testimony from Dr. David Francom regarding reasonable royalty damages, including the parties' starting point in a hypothetical negotiation, Defendants' financial positions and profitability of the

patented devices and convoyed sales, and how certain of the *Georgia-Pacific* factors and other evidence may impact the agreed-upon royalty rate.

- Documents and testimony regarding the royalty rate that Puffco and SHO would have agreed upon at a hypothetical negotiation on January 3, 2020 (the date of first infringement) if both had been reasonably and voluntarily trying to reach an agreement.
- Documents and testimony regarding the parties' respective bargaining positions and starting points in a hypothetical negotiation for a license to the '334 Patent on January 3, 2020, as well as evidence from later points in time (also referred to as Book of Wisdom evidence), including Defendants' high profit margins on the accused devices compared to other products sold by Defendants.
- Documents and testimony regarding the value of selling the patented devices in promoting sales of other products for both parties, and the extent of such derivative or convoyed sales.
- Documents and testimony regarding the utility and advantages of the patented technology over the old modes or devices that had been used for working out similar results, including traditional glass dab rigs used with butane torches and the types of electronic vaporizers with metal "nails" existing at the time of the invention.
- Documents and testimony regarding the portion of Defendants' profits from sales of the accused devices that should be credited to the invention as distinguished from nonpatented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.
- Documents and testimony regarding Puffco's business, the significance of the Puffco Peak product to Puffco, Puffco's sales and profit information, and market conditions relevant to Puffco's damages, including competition with Defendants and the nature of Defendants' competition with Puffco using a copy of Puffco's Peak product, investment in the technology and marketing of the Peak

technology, and damages to Puffco resulting from Defendants' infringement.

- Documents and testimony regarding Defendants' business, the significance of the accused devices to Defendants, market conditions relevant to Puffco's damages, and Defendants' sales and profit information.
- Documents and testimony establishing that Puffco provided Defendants with notice of their infringement on January 3, 2020 and several times thereafter.

<u>Willfulness</u>

- Documents and testimony establishing that Puffco provided Defendants with notice of their infringement on January 3, 2020 and again on February 17, 2022.
- Documents and testimony demonstrating Defendants' willful infringement.
- Documents and testimony demonstrating Defendants' deliberate disregard of Puffco's intellectual property rights.
- Documents and testimony showing that Defendants engaged in additional conduct evidencing deliberate or reckless disregard of Puffco's patent rights and were malicious and consciously wrongful due to Defendants' longstanding malice toward Puffco and its founder.
- Documents and testimony regarding Defendants' intentional and deliberate infringement. For example, Puffco expects to present evidence establishing that Defendants took no reasonable action in response to Puffco's cease and desist letter after issuance of the '334 Patent, or to the filing of this lawsuit, the Court's construction of terms, and the Court's finding of infringement.
- Documents and testimony that Defendants did not have, and never sought, permission to practice the claims of the '334 Patent.
- Documents and testimony showing that Defendants intentionally copied Puffco's patented technology in developing the Carta 2 device.
- Documents and testimony showing that Defendants hid relevant

documents and evidence from Puffco and the Court during the claim construction phase.

- Documents and testimony showing Defendants should have known their conduct involved an unreasonable risk of infringement, including, for example, because Defendants were aware of the judgment in the *Kandypens* case in which the Court adjudged the Oura as an infringing device.

- Documents and testimony showing Defendants did not have a reasonable belief at the commencement of infringement, and continuing to the present, that the accused devices did not infringe the '334 Patent. For example, after Defendants received the February 17, 2022 second notice of infringement, rather than cease their infringing conduct they fabricated a purported exclusive patent license agreement ("EPLA") to a different patent, claimed it was legitimate when it was not, and then immediately raised the threat of a lawsuit against Puffco in an attempt to pressure Puffco into dropping its lawsuit for infringement of the '334 Patent. Further, when it came to light that SHO had fabricated the EPLA, SHO and its CEO sent their business partner, Doc Morrow, to the home of two subpoenaed witnesses to encourage them to not attend their upcoming depositions to testify about SHO's fabrication of the EPLA. The foregoing provides evidence that SHO in fact knew and believed that the accused devices infringed the '334 Patent and therefore SHO went to great lengths to fabricate documents and engage in witness tampering in an effort to pressure Puffco through extra-judicial means.

- Documents and testimony showing that Defendants engaged in additional conduct evidencing deliberate or reckless disregard of Puffco's patent rights and were malicious and consciously wrongful due to Defendants' longstanding ill will and animus toward Puffco and its founder, including internal email and social media post where Defendants wrote "fuck Puffco" and Defendants' CEO's social media posts engaging in harassing behavior directed at Puffco's CEO's individual social media account.

Injunctive Relief

- Evidence of competition between the parties.
- Testimony on Puffco's policy and practice not to license the '334 Patent.
- Testimony regarding the hardship on Puffco in the absence of a permanent injunction, including continued lost sales and price erosion due to Defendants' ongoing infringement.
- Testimony regarding the lack of hardship on Defendants as a result of the issuance of a permanent injunction.
- Puffco intends to present testimony from at least Roger Volodarsky (Puffco CEO), Avi Bajpai (Puffco's Chief Technology Officer), Joy Huffman, Dr. David Francom, Randall Elkins, Christina Massaro, Samuel Jurist (Defendants' CEO and co-Founder), and J.R. Quion (Defendants' Head of Product Development).

In addition to the above, Puffco incorporates by reference the information provided in its respective Memorandum of Contentions of Fact and Law filed on May 16, 2024.

B. Defendants/Counterclaimants SHO Products, LLC and MasterMinded, Inc.

(a) Defendants plan to pursue the following counterclaims and affirmative defenses:

Counterclaim and Affirmative Defense 1: The '334 Patent is invalid pursuant to 35 U.S.C. § 103.

Affirmative Defense 2: To the extent that the relief Puffco seeks is unavailable because any alleged injury [to Puffco] is not immediate or irreparable, the balance of hardships and public interest weigh against the grant of an injunction under 35 U.S.C. § 283 for Puffco has an adequate remedy at law.

Affirmative Defense 3: Puffco cannot establish that this is an exceptional case justifying the award of attorneys' fees pursuant to 35 U.S.C. § 285.

(b) The elements required to establish Defendants' counterclaims and affirmative defenses are:

Invalidity Counterclaim and Affirmative Defense:

Defendants can establish that all asserted claims of the '334 Patent are invalid as obvious for the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains.

(c) In brief, the key evidence Defendants rely on for each of the counterclaims and affirmative defenses are:

Invalidity Counterclaim and Affirmative Defense:

- Documents and testimony proving that the asserted claims of the '334 Patent are invalid as obvious in view of the prior art, including:
  - The '334 Patent and its file wrapper.
  - Prior art documents in the form of patents including without limitation: U.S. Patent No. 10,321,714 ("Kane I");; U.S. Patent No. 10,271,579 ("Garay"); U.S. Patent No. 4,133,318 ("Gross").
  - Prior art documents in the form of printed publications, including without limitation: U.S. Patent Publication No. 2017/0086507 ("Rado"); U.S. Patent Publication No. 20170055579 ("Kuna") U.S. Patent Publication No. 2017/0079324 ("Eksouzian"); the YouTube video entitled "Puffco Peak hands-on at CES 2018" available at https://www.youtube.com/watch?v=3ffpdwia_a8 (the "Engadget Video"), referenced in the pleadings at Dkt. 29, 32:25-28 and produced during discovery.
  - Evidence that the Prototype was in public use—as shown in the Engadget video.
  - Non-expert testimony of Avi Bajpai, Roger Volodarsky, and

Roger Sayer.

- Testimony of Defendants' technical expert, Nicholas Hatton.
- Testimony of Plaintiff's technical expert, Dr. Harold Walbrink.
- All arguments regarding obviousness in Nicholas Hatton's expert report.

8. In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried to the jury:

(a) The amount of damages Defendants should pay to Puffco for Defendants' infringement of the '334 Patent;

(b) Whether Defendants willfully infringed the '334 Patent; and

(c) Whether any of claims 1-11 and 13 of the '334 Patent are invalid as obvious.

9. All discovery is complete.

10. All disclosures under F. R. Civ. P. 26(a)(3) have been made.

The joint exhibit list of the parties will be filed on May 31, 2024, along with evidentiary objections and responses thereto. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits for which an objection has been stated on the joint exhibit list.

11. Witness lists of the parties will be filed with the Court on May 31, 2024. Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1: Shelly Irvine, Kelly Kodama, James Haskins, Randall Elkins, Christina Massaro, Avi Bajpai, Roger Volodarsky, and Roger Sayre.

12. The following law and motion matters and motions in limine, and no

others, are pending or contemplated:

(a) Puffco's Motion in Limine to Limit Defendants' Invalidity Theories Involving Kuna and Eksouzian;

(b) Defendants' Evidentiary Objections to Plaintiff Puff Corp's Untimely Supplement to the Francom Report [Dkt. 183];

(c) Defendants' Motion in Limine to Preclude Use of Plaintiff Puff Corp's Supplement at Trial [Dkt. 191];

(d) Defendants' Motion in Limine to Preclude Avi Bajpai's Testimony as a Basis for Apportionment [Dkt. 192];

(e) On the day motions in limine were due, Defendants notified Puffco that they intend to call witnesses who were not disclosed during discovery, and Puffco will ask the Court to exclude such witnesses from testifying at trial; and

(f) Puffco will ask the Court to order Defendants to supplement their interrogatory responses with updated sales and profits information for the accused devices.

13. Bifurcation of the following issues for trial is ordered: None.

14. The foregoing positions having been made by the parties, and the parties having specified the foregoing issues remain to be litigated, reserve the right to object to any and all testimony and documents referenced above. This Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

IT IS SO ORDERED.

Date: ______________________ By: ______________________
The Hon. George H. Wu
United States District Judge

Approved as to form and content.

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Colin D. Dailey*
Colin D. Dailey
Attorneys for Plaintiff Puff Corp.

**CALDWELL INTELLECTUAL PROPERTY LAW LLC**

By: */s/ Jameson J. Pasek*
Jameson J. Pasek
Attorneys for Defendants and Counterclaimants SHO Products, LLC and MasterMinded, Inc.