# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Puff Corp., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>SHO Products, LLC, and MasterMinded, Inc.<br><br>　　　　　　Defendants. | Case No. 2:22-cv-02008 GW (KSx)<br><br>[~~PROPOSED~~] **FINAL CONSENT JUDGMENT AND ENTRY OF PERMANENT INJUNCTION** |

Before the Court is Plaintiff Puff Corp.'s ("Puffco") and Defendants SHO Products, LLC and MasterMinded Inc.'s ("Defendants") Joint Motion for Final Consent Judgment and Entry of Permanent Injunction.

On March 28, 2022, Puffco filed its Complaint alleging that Defendants infringed and continue to infringe Puffco's U.S. Patent No. 10,517,334, titled "Portable Electronic Vaporizing Device" ("the '334 Patent"). (Doc. 1.)

On July 13, 2022, Defendants filed Counterclaims alleging, among other things, that the '334 Patent is invalid. (Doc. 29.)

On April 19, 2024, the Court granted Puffco's Motion for Partial Summary Judgment. (Doc. 186.) The Court found that three classes of portable electronic vaporizing devices known as the Focus V Carta (also referred to as the Carta OG or Carta Classic), the Focus V Carta 2, and the KandyPens Oura infringe claims 1-11 and 13 of the '334 Patent. The Court also granted summary judgment in Puffco's favor on Defendants' anticipation defenses under 35 U.S.C. § 102.

Pursuant to the terms of the parties' Settlement Agreement, Defendants have agreed that the claims of the '334 Patent are valid and enforceable, and that Defendants have infringed claims 1-11 and 13 of the '334 Patent by importing, offering for sale, and selling the Carta, the Carta 2, and the Oura devices. Pursuant to the Settlement Agreement, the Parties agree to, and seek to have, the following consent judgment and permanent injunction entered.

**IT IS HEREBY ORDERED AND DECREED** that:

1. This Court has jurisdiction of the subject matter and the parties and their respective agents under Title 35 of the United States Code, and 28 U.S.C. §§ 1331 and 1338(a).

2. Puffco owns the '334 Patent.

3. The claims of the '334 Patent are valid and enforceable.

4. The Focus V Carta vaporizing device (also known as the Carta OG and the Carta Classic) infringes claims 1-11 and 13 of the '334 Patent.

5. The Focus V Carta 2 vaporizing device infringes claims 1-11 and 13 of the '334 Patent.

6. The KandyPens Oura vaporizing device infringes claims 1-11 and 13 of the '334 Patent.

7. Effective immediately, Defendants and Defendants' owners, employees, officers, directors, sales representatives, agents, successors and assigns, and all other persons in active concert or participation with them, are permanently enjoined from: (i) making, offering to sell, or selling in the U.S., or importing into the U.S., the Focus V Carta vaporizing device or the KandyPens Oura vaporizing device; (ii) inducing others to do so; and (iii) directly or indirectly challenging, or otherwise assisting any third party in challenging, the validity or enforceability of the '334 Patent, including in any proceeding to enforce the parties' Settlement Agreement or this Final Consent Judgment and Entry of Permanent Injunction.

8. Beginning on July 19, 2025, Defendants and Defendants' owners, employees, officers, directors, sales representatives, agents, successors and assigns, and all other persons in active concert or participation with them, are permanently enjoined from: (i) making, offering to sell, or selling in the U.S., or importing into the U.S., the Focus V Carta 2 vaporizing device; (ii) or inducing others to do so.

9. Judgment is hereby entered in Puffco's favor against Defendants on all claims, counterclaims, and defenses in this action.

10. Puffco shall recover from Defendants, jointly and severally, the amount of ████████████████████████.

11. This matter shall be administratively closed after entry of this Order, but the Court shall retain jurisdiction and venue over the parties solely with respect to enforcement of this Order, the Stipulated Protective Order (Doc. 50), and the Settlement Agreement between the parties and any disputes or controversies that

may arise with regard thereto, which shall be exclusively brought before this Court for resolution thereof. Without limiting the generality of the foregoing, either party shall bring any action to enforce or construe any provision of this Order or the Settlement Agreement solely by reopening this matter in this Court.

12. The terms of this Order and the terms of the Settlement Agreement are binding on the parties in any future action and the parties are foreclosed, in any such future action, from litigating or disputing any of such terms.

13. This Order shall inure to the benefit of and shall be enforceable by Puffco and its successors and assigns against Defendants and their successors and assigns.

14. NOW THEREFORE, this Court enters FINAL JUDGMENT for Puffco and against Defendants. Each party shall bear its own attorneys' fees and costs.

IT IS SO ORDERED.

Date: November 21, 2024    By: *George H. Wu*

The Honorable George H. Wu
United States District Court Judge